IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



CALVIN PERRY,

    Plaintiff,

v.                                                           Civil Action No. **3:10CV630**

GENE M. JOHNSON, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983. Plaintiff's Amended Complaint alleges that state officials[1] have denied Plaintiff appropriate dental care while he has been incarcerated at Sussex II State Prison ("Sussex II"). Defendant Harold Clarke filed a motion for summary judgment arguing, *inter alia*, that he is not subject to suit on a theory of *respondeat superior*. (Docket No. 24.) Clarke provided appropriate *Roseboro*[2] notice (Docket No. 26), and Plaintiff responded to the motion (Docket No. 28). The matter is ripe for adjudication.

---

[1] Plaintiff sued Defendant Harold Clarke, Director of the Virginia Department of Corrections ("VDOC"); Dr. McMoore, a dentist at Sussex II; and Mayhue, a dentist assistant at Sussex II. Gene M. Johnson was dismissed as a party in Plaintiff's Amended Complaint. (Docket No. 11.) Clarke is the only Defendant who submitted this motion for summary judgment.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. SUMMARY OF PLAINTIFF'S ALLEGATIONS

On December 1, 2010, Plaintiff filed his Amended Complaint.[3] Plaintiff raises two grounds for relief:

Claim One     "Denied dental treatment"[4] (Am. Compl. 6.)

Claim Two     "Unconstitutional delay in providing dental treatment" (Am. Compl. 8.)

Plaintiff alleges that in June 2009, Dr. McGee,[5] a dentist at Sussex II at the time, extracted one of Plaintiff's lower-left molars. Plaintiff asked Dr. McGee for a bridge or denture after the extraction. Dr. McGee denied Plaintiff's request. Thereafter, in November 2009, Plaintiff requested a bridge or denture from Dr. McMoore. According to Plaintiff, McMoore stated, "I realize the serious need for the single tooth bridge or denture but [department] operation policy 720.6 of VDOC pr[e]clude[s] me from providing it to you—in order for me to provide you with a denture, you need more teeth missing." (Am. Compl. ¶ 17.) Plaintiff offered to have his family pay for the procedure, but McMoore still denied the request.

Plaintiff alleges that his lack of a bridge or denture has resulted in "eating difficulties, excruciating pain of the mouth and bleeding gum when food is chewed on that extracted, hollow spot and severe weight lost from not being able to chew food throughly for digested process." (Am. Compl. ¶ 17 (all errors in original).)

---

[3] Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), an inmate's submission is deemed filed on the date he hands to prison staff for mailing.

[4] Capitalization is corrected in quotations to Plaintiff's submissions.

[5] Dr. McGee, who Plaintiff alleges is no longer working at Sussex II, is not a party to this action.

Plaintiff asserts that Clarke has the authority to make policy, and that he arbitrarily promulgated Department Operating Procedure 720.6 which prohibits Plaintiff from receiving a single tooth bridge or single tooth denture. Plaintiff therefore contends that Clarke is exhibiting deliberate indifference to Plaintiff's medical needs. Plaintiff seeks $110,000 in damages and an injunction ordering the defendants to provide Plaintiff with a bridge or denture, as well as to fill Plaintiff's cavities.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless,"'Rule 56 does not impose upon

the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)).

Clarke has provided his own affidavit, an affidavit from the grievance coordinator at Sussex II, and authenticated copies of the written grievances and responses as part of the administrative remedies process. Plaintiff submitted a sworn declaration (Docket No. 28, Ex. A), and Plaintiff verified his complaint under penalty of perjury.[6]

The facts offered by affidavit must be in the form of admissible evidence. *See* Fed. R. Civ. P. 56(c)(2). In this regard, the statement in the affidavit or sworn statement "must be made on personal knowledge . . . and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Furthermore, summary judgment affidavits must "set out facts." *Id.* Therefore, "summary judgment affidavits cannot be conclusory or based upon hearsay." *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (internal citation omitted) (*citing Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 975 (4th Cir. 1990); *Md. Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1252 (4th Cir. 1991)). The absence of an "affirmative showing of personal knowledge of specific facts" prevents the consideration of such facts in conducting the summary judgment analysis. *EEOC v. Clay Printing Co.*, 955 F.2d 936, 945 n.9 (4th Cir. 1992) (internal quotation marks omitted).

---

[6] The additional "verified statement" attached to Plaintiff's Amended Complaint, however, is not properly sworn. *See Hogge v. Stephens*, No. 3:09CV582, 2011 WL 2161100, at *2–3 (E.D. Va. June 1, 2011) (holding that a verification based upon information and belief is insufficient to oppose a motion for summary judgment) (citations omitted).

## III. ANALYSIS

### A. Official and Individual Capacity Suits

Plaintiff filed suit against Clarke in both Clarke's official and individual capacities. In order to state a viable claim under 42 U.S.C. § 1983, Plaintiff must allege facts that indicate a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Additionally, States retain immunity from suits as "a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the [Constitutional] Convention or certain constitutional Amendments." *Alden v. Maine*, 527 U.S. 706, 713 (1999). "[Sovereign] immunity applies to state agencies that may be properly characterized as 'arm[s] of the State,' as well as to state employees acting in their official capacity." *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996) (second alteration in original) (citation omitted) (*quoting Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). Therefore, Virginia's sovereign immunity bars Plaintiff's claim against Clarke in Clarke's official capacity. *Dance v. City of Richmond Police Dep't*, 3:09-CV-423-HEH, 2009 WL 2877152, at *4 (E.D. Va. Sept. 2, 2009) (*citing Harter*, 101

F.3d at 337). Accordingly, Plaintiff's claim against Clarke in Clarke's official capacity for monetary damages[7] will be DISMISSED with prejudice.

### B. Respondeat Superior

To the extent Plaintiff seeks to hold Clarke liable under a theory of vicarious liability, the Court notes that the common-law doctrine of *respondeat superior* does not apply in § 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Rather, Plaintiff must demonstrate that Clarke *personally* was deliberately indifferent to Plaintiff's serious medical need. *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990). This standard requires Plaintiff to introduce evidence from which the finder of fact could conclude that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (*quoting Rich v. Bruce*, 129 F.3d 336, 340 n. 2 (4th Cir. 1997)). For the reasons explained below, Plaintiff has not done so.

### C. Clarke's Promulgation of Department Policy

Plaintiff suggests he was denied dental care as a result of "another's conduct in execution of [Clarke's] policies or customs." *Kendrick v. Russell*, No. 7:11-cv-00099, 2011 WL 902203, at *2 (W.D. Va. Mar. 14, 2011) (*citing Fisher v. Wash. Metro. Area Transit Auth.*, 690 F.2d 1133, 1142–43 (4th Cir. 1982), *abrogated on other grounds by Cnty. of Riverside v. McLaughlin*, 500

---

[7] State officials sued in their official capacities for *injunctive* relief, however, are considered "persons" because "'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (*quoting Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

U.S. 44 (1991)). The policy Plaintiff challenges is VDOC Operating Procedure 720.6. Plaintiff has not argued, let alone established, as he must, that the Operating Procedure is unconstitutional. *Mosley v. Johnson*, No. 1:09cv992 (LO/JFA), 2011 WL 2077804, at *5 (E.D. Va. May 23, 2011) (*citing Hause v. Vaught*, 993 F.2d 1079, 1082 (4th Cir. 1993)). Nor has Plaintiff produced any admissible evidence suggesting that Clarke "directed, supervised, participated in, authorized or even . . . condoned by knowing acquiescence *the specific incident upon which this claim for relief is based.*" *Hall v. Tawney*, 621 F.2d 607, 615 (4th Cir. 1980) (emphasis added).

Plaintiff boldly asserts that he was denied medical care as a result of a dentist's reliance on Department Operating Procedure 720.6. Although Plaintiff has not produced the Operating Procedure, the Court takes judicial notice of the Operating Procedure as it appears on VDOC's website.[8] *See* Operating Procedure 720.6 ("VDOC Op. 720.6"), *available at* http://www.vadoc.virginia.gov/about/procedures/documents/700/720-6.pdf (last visited July 7, 2011).

The Operating Procedure does not appear to deny all single-tooth dentures.[9] Offenders requiring complete or partial dentures are characterized as "Class 2" unless the offender experiences extreme pain or need for immediate intervention, in which case the offender falls

---

[8] *See Bowler v. Ray*, No. 7:07CV00565, 2007 WL 4268915, at *1 (W.D. Va. Nov. 30, 2007) (taking judicial notice of a VDOC Operating Procedure); Fed. R. Evid. 201(b)(2) (permitting judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

[9] Clarke indicates that this is correct. (Mot. Summ. J. Attach. 1 ("Clarke Aff.") ¶ 6 (suggesting that inmates may seek dental treatment in prison).) Plaintiff's contention otherwise does not create an issue of material fact preventing this Court from granting summary judgment to Clarke. Nothing Plaintiff alleges suggests Clarke is liable for McMoore's decision, even presuming McMoore misinterpreted the policy.

into "Class 3." VDOC Op. 720.6(IV)(H). The prisons provide all dental care under the direction and supervision of a dentist. VDOC Op. 720.6(VIII)(A). Fixed bridges are considered "dentally acceptable but not dentally mandatory" and are therefore not provided by VDOC. VDOC Op. 720.6(V)(C). Existing bridges, however, will be repaired when necessary. VDOC Op. 720.6(VIII)(C)(4)(a)(iii). Dentures are provided when the dentist determines that they are necessary for mastication and the prisoner's release date is at least one year away. VDOC Op. 720.6(VIII)(C)(4)(d)(i).

The Operating Procedure makes clear that the determination of whether to provide a partial denture lies within the discretion of the facility dentist.[10] Clarke is entitled to rely on the dentist's judgment regarding the appropriate course of Plaintiff's treatment. *Wilson v. Coleman*, No. 7:09CV00325, 2009 WL 3055268, at *6 (W.D. Sept. 24, 2009) (*citing Miltier*, 896 F.2d at 854). Because Plaintiff has produced no admissible evidence suggesting that the facility dentist relied on an unconstitutional policy promulgated by Clarke, Clarke's motion for summary judgment (Docket No. 24) will be GRANTED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 8-2-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge

---

[10] Indeed, Plaintiff's declaration reflects that VDOC dentists have provided single-tooth dentures for inmates at other VDOC facilities. (Pl.'s Resp. Mot. Summ. J. Ex. A.)