IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CALVIN PERRY,**

    Plaintiff,

v.                                                    Civil Action No. **3:10cv630**

**GENE M. JOHNSON,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Calvin Perry, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42

U.S.C. § 1983 action. The action is proceeding on Perry's Amended Complaint (Docket No. 11),

wherein he alleges that Defendants[1] violated his rights under the Eighth Amendment[2] while

Perry was confined in the Sussex II State Prison ("SIISP"). Perry moves this Court to compel

Defendants to comply with his discovery requests. (Docket No. 60.) Because Perry fails to

certify, as he must, that he "has in good faith conferred or attempted to confer with the person or

party failing to make disclosure or discovery in an effort to obtain it without court action," Fed.

R. Civ. P. 37(a)(1), Perry's Motion to Compel (Docket No. 60) will be DENIED WITHOUT

PREJUDICE. Perry also requests that the Court enter summary judgment against Defendant

Clarke. (Docket No. 64.) Because Clarke has already been dismissed as a defendant in this case,

---

[1] In his Amended Complaint, Perry named the following persons as defendants: Doctor McMoore, Mayhue, and Harold Clarke. On August 3, 2011, by Memorandum Opinion and Order, the Court granted Clarke's motion for summary judgment and dismissed him as a defendant. *Perry v. Johnson*, No. 3:10CV630, 2011 WL 3359519, at *4 (E.D. Va. Aug. 3, 2011).

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

*Perry*, 2011 WL 3359519, at *4, Perry's Motion for Summary Judgment (Docket No. 64) will be DENIED AS MOOT.

This matter is now before the Court on Defendant McMoore's Motion to Dismiss.[3] (Docket No. 87.)   Perry has responded.   This matter is ripe for judgment.

## I.   MOTION TO DISMISS STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).   In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) (second alteration in original).   Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46.   In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of

---

[3] Defendant Mayhue moves the Court to enter summary judgment against Perry.   (Docket No. 95.)   The Court will address Mayhue's motion at a later date.

the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual

allegations must be enough to raise a right to relief above the speculative level," *id.* (citation

omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.*

Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the

plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.*

*DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft*

*Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir.

2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d

1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing

statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint.

*See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City*

*of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.    SUMMARY OF ALLEGATIONS AND CLAIMS

On June 30, 2009, Dr. McGee, a dentist at SIISP, extracted one of Perry's lower-left

molars. After the extraction, Perry requested that McGee provide him with a molar bridge or a

denture. McGee denied this request. "Before [Perry] could pursue litigation against [McGee],

[McGee] resigned." (Am. Compl. ¶ 13.)[4]

### A.    Perry's Request to Dr. McMoore for Dentures or a Bridge

On or about November 13, 2009, Perry requested "a left molar bridge or a left molar

denture" from Dr. McMoore. (*Id.* ¶ 17.) In reply, McMoore stated, "'I realize the serious need

for the single tooth bridge or denture but [Virginia Department of Corrections ("VDOC")

---

[4] The Court has corrected capitalization in quotations to the Amended Complaint. Dr.
McGee is not a party to this action.

3

Operating Procedure §] 720.6 [⁵] [precludes] me from providing it to you—in order for me to provide you with a denture, you need more teeth missing.'" (*Id.*) Perry then offered to have his family pay for the procedure. "Finally, Defendant McMoore said 'No! I can not [sic] provide you with it.'" (*Id.*)

Perry states that, "without this much needed bridge or denture," he "is daily suffering [from] eating difficulties, excruciating pain of the mouth and bleeding gum when food is chewed on that extracted, hollow spot and severe weight lost [sic] from not being able to chew food throughly [sic] for digested process," as well as migraine headaches. (*Id.* ¶¶ 17, 21.) Perry asserts that his pain is continuous and that he has never been provided with a denture or bridge. (*Id.* ¶ 17.)

**B.    Perry's Request for Fillings**

During the course of Perry's November 13, 2009 session with Dr. McMoore, McMoore "discovered four or more deteriorating cavities in [Perry's] mouth and instructed Defendant Mayhue to place [Perry] on the dentist's waiting list for the cavities to be filled." (*Id.* ¶ 19.) Perry asserts that Mayhue "intentionally failed to do so." (*Id.*) In March of 2010, Perry sent Defendants McMoore and Mayhue a request for dental treatment asking to be placed on "the dentist list for the cavities to be filled and for a single tooth (molar) denture or bridge." (*Id.*) "Defendant Mayhue indicated that she placed [Perry's] name on [the dentist waiting] list." (*Id.*)

_____

⁵ Neither Perry nor McMoore provided the Court with a copy of VDOC Operating Procedure § 720.6. However, given its importance here, it is appropriate for the Court to take judicial notice of VDOC Operating Procedure § 720.6. *Perry*, 2011 WL 3359519, at *3; *Bowler v. Ray*, No. 7:07CV00565, 2007 WL 4268915, at *1 (W.D. Va. Nov. 30, 2007) (taking judicial notice of VDOC operating procedure); Fed. R. Evid. 201(b)(2) (permitting judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). The full text of VDOC Operating Procedure § 720.6 is publically available at http://www.vadoc.state.va.us/about/procedures/documents/700/720-6.pdf (last visited Jan. 24, 2012).

On August 13, 2010, Perry sent Defendants McMoore and Mayhue a second request for

dental treatment in which he stated,

> In the month of March' [sic] 2010, you placed me on the dentist waiting list for
> cavities to be filled[.]  Why haven't this matter been taken care of?  These cavities
> are causing me chronic pain.  I am actually suffering because it's getting worse
> every day!  I can't eat properly nor can I sleep because of the severe sharp pain
> these cavities are causing me daily.  You could've had me in the dentist's office
> five months ago.  Why are you ignoring my serious dental needs?

(*Id.* ¶ 21.) Defendant Mayhue responded, "I have other patients ahead of you, when your name

comes up I will get you scheduled.  Thank you."  (*Id.*)[6]  Perry asserts that Defendant McMoore

and Defendant Mayhue delayed Perry's treatment causing "excruciating, daily pain." (*Id.* ¶ 19.)

Based on the foregoing, Perry makes the following claims for relief:

| | |
|---|---|
| Claim One | McMoore and Clarke displayed deliberate indifference to Perry's serious medical need when they denied Perry a denture or bridge. |
| Claim Two | McMoore and Mayhue displayed deliberate indifference to Perry's serious medical need when they delayed Perry's treatment for cavities. |

(Id. ¶¶ 22, 23.)

## III.   ANALYSIS

### A.   Deliberate Indifference Standard

To make out an Eighth Amendment claim, an inmate must allege facts that indicate

(1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and

(2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'"

*Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294,

298 (1991)).  Under the objective prong, the inmate must allege facts that suggest that the

---

[6] Mayhue asserts that "because of the sheer number of requests and the time constraints
of the dentist at SIISP, [Perry's] appointment was not until December 2010 at which time he had
routine work performed by the dentist, to include the filling of multiple cavities." (Mayhue's
Mem. Supp. Mot. Summ. J. Ex. A ("Mayhue Affidavit") ¶ 16.)

deprivation complained of was extreme and amounted to more than the "'routine discomfort'"

that is "'part of the penalty that criminal offenders pay for their offenses against society.'"

*Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (*quoting Hudson v. McMillian*, 503

U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege

'a serious or significant physical or emotional injury resulting from the challenged conditions.'"

*De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*quoting Strickler*, 989 F.2d at 1381).

In order to state an Eighth Amendment claim for denial of adequate medical care, "a

prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to

serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To establish that a health

care provider's actions constitute deliberate indifference to a serious medical need, the treatment

must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be

intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (*citing

Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). Furthermore, in evaluating a prisoner's

complaint regarding medical care, the Court is mindful that "society does not expect that

prisoners will have unqualified access to health care" or to the medical treatment of their

choosing. *Hudson*, 503 U.S. at 9 (*citing Estelle*, 429 U.S. at 103–04). In this regard, the right to

medical treatment is limited to that treatment which is medically necessary and not to "that

which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir.

1977).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege

facts that indicate a particular defendant actually knew of and disregarded a substantial risk of

serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate

indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (*citing Estelle*, 429 U.S. at 105–06).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson*, 145 F.3d at 168 (*citing Farmer*, 511 U.S. at 837); *Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997)). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (*quoting Rich*, 129 F.3d at 340 n.2). In evaluating a prisoner's complaint regarding medical care, the Court is mindful that, absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (*citing Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)).

**B.    Claim One**

In Claim One, Perry asserts that McMoore demonstrated deliberate indifference to Perry's serious medical need when McMoore refused to provide Perry with a single tooth denture or bridge. Perry claims that McMoore stated, "I realize the serious need for the single

7

tooth bridge or denture" but that McMoore claimed he was unable to provide this treatment due to the restrictions of VDOC Operating Procedure § 720.6. (Am. Compl. ¶ 17.) This Court is bound, in evaluating McMoore's motion to dismiss, to take Perry's well pled allegations as true and view all facts in the light most favorable to Perry. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Thus, the Court accepts, for the purposes of McMoore's motion, that McMoore recognized Perry's serious medical need. Likewise, the Court accepts that McMoore told Perry that VDOC Operating Procedure § 720.6 restricted McMoore from treating Perry's serious medical need. However, the Court need not accept the truth of McMoore's statement to Perry that VDOC Operating Procedure § 720.6 forbids single prosthodontic treatments.[7]

McMoore argues that, because Perry admits that McMoore based his denial of medical treatment on VDOC Operating Procedure § 720.6, Perry has failed to state a claim of deliberate indifference. (Mem. Supp. Mot. Dismiss (Docket No. 88) 4–5; Reply Mem. Supp. Mot. Dismiss (Docket No. 91) 4.) McMoore states that, to prevail on his § 1983 claim, Perry must state a denial of medical care that was "'both deliberate *and without legitimate penological objective*.'" (Reply Mem. Supp. Mot. Dismiss 3 (*quoting Watson v. Brown*, No. 11–6523, 2011 WL 4350040, at *2 (4th Cir. Sept. 19, 2011) (citations omitted)).)[8] McMoore argues that, because

---

[7] In the context of a motion to dismiss, "a court need not feel constrained to accept as truth [statements in the pleadings] that are contradicted . . . by facts of which the court may take judicial notice." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405 (S.D.N.Y. 2001) (*citing Hirsch v. Arthur Anderson & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995)).

[8] The Court notes that the *Watson* case does not turn on whether a legitimate penological objective existed. *Watson*, 2011 WL 4350040, at *2. The language in Watson stating that a denial of medical care must be without a legitimate penological objective is a direct quote from *Grayson*, 195 F.3d at 695. In *Grayson*, police officers found Gerald Collins "acting crazy" in a public restroom. *Id.* at 694. Collins was taken to a detention center where he began "acting belligerently." *Id.* Collins was sprayed with pepper spray and eventually detained in four-point restraints. *Id.* Collins eventually stopped breathing, was taken to the hospital, and later was pronounced dead. *Id.* at 694–95. Collins's mother filed suit against a variety of defendants for,

"VDOC Operating Procedure [§] 720.6 constitutes promulgated legitimate penological objectives," Perry fails to state that McMoore's denial of medical care was without legitimate penological purpose. (*Id.* at 4.) Absent entirely from McMoore's memorandum, however, is a citation to the specific part or sub-part of VDOC Operating Procedure § 720.6 stating that single tooth denture or bridges are forbidden. Furthermore, VDOC Operating Procedure § 720.6 does not contain a provision prohibiting single tooth bridges or dentures. The record supports an inference that McMoore knew Perry had a serious medical need for a denture or bridge and simply refused to provide such. Accordingly, McMoore's argument that his denial of medical care was based on a legitimate penological purpose fails. McMoore's Motion to Dismiss, as it pertains to Claim One, will be DENIED.

### C.      Claim Two

Where an Eighth Amendment claim is predicated on a delay in the provision of medical care, the plaintiff must allege facts that suggest "'that the delay resulted in substantial harm.'" *Webb v. Hamidullah*, 281 F. App'x 159, 166–67 n.13 (4th Cir. 2008) (*quoting Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)); *see Smith v. FCM-MTC Med., LLC.*, 3:10CV352, 2011 WL 1085975, at *9 (E.D. Va. Mar. 21, 2011). "[T]he substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (citing cases). McMoore asserts that Perry "alleges that Dr. McMoore diagnosed cavities and instructed Defendant Mayhue to place the Plaintiff in queue to have those cavities filled." (Mem. Supp. Mot. Dismiss 5.) Thus, because "Dr. McMoore identified a dental problem and sought to schedule treatment. Dr.

---

*inter alia*, denial of medical care pursuant to § 1983. *Id.* at 695. It was in this context that the United States Court of Appeals for the Fourth Circuit determined that law enforcement had a legitimate penological objective in restraining Collins. *Id.* at 696. That is not the case here.

McMoore's conduct, as alleged by [Perry], does not rise to the level of negligence, let alone deliberate indifference." (*Id.* at 5–6.) McMoore is mistaken.

To survive a motion to dismiss, Perry must merely "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002)). Here, Perry has alleged that McMoore and Mayhue knew of his cavities, that they delayed his treatment for over one year,[9] and that this delay in dental treatment caused him considerable pain. (Am. Compl. ¶ 21.) Thus, Perry has sufficiently pled his claim. *See Chance v. Armstrong*, 143 F.3d 698, 702–03 (2d Cir. 1998); *Maolud v. Sikes*, No. CV 306–091, 2007 WL 2874312, at *1 (S.D. Ga. Sept. 25, 2007). Accordingly, McMoore's Motion to Dismiss, as it pertains to Claim Two, will be DENIED.

### D.    Claims Against McMoore in His Official Capacity

Perry filed suit against McMoore in both McMoore's official and individual capacities. In order to state a viable claim under 42 U.S.C. § 1983, Perry must allege facts that indicate a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Additionally, States retain immunity from suits as "a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they

---

[9] Perry claims that McMoore discovered his cavities in November of 2009. (Am. Compl. ¶ 21.) Mayhue avers that Perry's cavities were filled thirteen months later, in December of 2010. (Mayhue Affidavit ¶ 16.)

retain today . . . except as altered by the plan of the [Constitutional] Convention or certain constitutional Amendments." *Alden v. Maine*, 527 U.S. 706, 714 (1999). "[Sovereign] immunity applies to state agencies that may be properly characterized as 'arm[s] of the State,' as well as to state employees acting in their official capacity." *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996) (second alteration in original; internal citation omitted) (*quoting Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). Therefore, Virginia's sovereign immunity bars Perry's claim against McMoore in McMoore's official capacity. *Dance v. City of Richmond Police Dep't*, 3:09-CV-423-HEH, 2009 WL 2877152, at *4 (E.D. Va. Sept. 2, 2009) (*citing Harter*, 101 F.3d at 337). Accordingly, Perry's claim for monetary damages against McMoore in McMoore's official capacity will be DISMISSED WITH PREJUDICE.

## IV.    Conclusion

For the foregoing reasons, McMoore's Motion to Dismiss (Docket No. 87) will be GRANTED IN PART AND DENIED IN PART. Perry's claims for monetary damages against McMoore in his official capacity will be DISMISSED WITH PREJUDICE. Perry's Motion to Compel (Docket No. 60) will be DISMISSED WITHOUT PREJUDICE. Perry's Motion for Summary Judgment (Docket No. 64) will be DENIED AS MOOT.

An appropriate order shall issue.

/s/
James R. Spencer
United States District Judge

Date: 2/20/12
Richmond, Virginia