**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**CALVIN PERRY,**

> Plaintiff,

v.                                                                    Civil Action No. **3:10cv630**

**GENE M. JOHNSON, *et al.*,**

> Defendants.

### MEMORANDUM OPINION

Calvin Perry, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42

U.S.C. § 1983 action.  The action is proceeding on Perry's Amended Complaint (Docket

No. 11), wherein he alleges that, while Perry was confined in the Sussex II State Prison

("SIISP"), Defendants[1] violated his rights under the Eighth Amendment.[2]  This matter is now

before the Court on Defendant Mayhue's Motion for Summary Judgment.[3]  (Docket No. 95.)

Perry has responded.  This matter is ripe for judgment.

### I. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  It is the responsibility of the party seeking summary judgment to inform the

---

[1] In his Amended Complaint, Perry named the following as defendants:  Shorn McMoore, D.D.S., Dental Assistant Mary Mayhue, and the Director of the Virginia Department of Corrections, Harold Clarke.  On August 3, 2011, by Memorandum Opinion and Order, the Court granted Clarke's motion for summary judgment and dismissed him as a defendant.  *Perry v. Johnson*, No. 3:10CV630, 2011 WL 3359519, at *4 (E.D. Va. Aug. 3, 2011).

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.

[3] Defendant McMoore separately moves the Court to enter summary judgment in his favor.  (Docket No. 110.)  The Court will address McMoore's motion at a later date.

court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251. "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the *onus* of proof is imposed." *Id.* (internal quotation marks omitted).

Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n. 7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . ."). In support of her Motion for Summary Judgment, Mayhue submits her own affidavit (Mem. Supp. Mayhue Mot. Summ. J. Ex. A ("Mayhue Aff.")), copies of Perry's dental records, and copies of Perry's various Inmate Request Forms and grievances (Mayhue Aff. Ex. 1

("Mayhue Ex. 1")).  In response, Perry submits his sworn Amended Complaint and a sworn

"Declaration in Opposition to Defendant Mayhue's Motion for Summary Judgment" ("Perry's

Declaration").  (Docket No. 99.)[4]  In light of the foregoing principles, the following facts are

established for the purposes of the motion for summary judgment.  All permissible inferences are

drawn in favor of Perry.

## II. SUMMARY OF PERTINENT ALLEGATIONS

On November 13, 2009, Dr. McMoore, a dentist at SIISP, examined Perry's teeth and

discovered "a cavity that required a filling." (Mem. Supp. McMoore Mot. Summ. J. (Docket

No. 111) Ex. 1 ("McMoore Aff.") ¶ 7; *see* Mayhue Aff. ¶ 10.)[5]  That same day, Perry submitted

an Inmate Request Form "requesting that [McMoore] fill [Perry's] tooth ASAP, before it gets

worst [sic]." (Mayhue Ex. 1, at 13, 14.)  On November 17, 2009, Mayhue, the dental assistant at

SIISP, responded to the November 13, 2011 Inmate Request Form by writing: "On 8/18/09 you

refused to come to Dental.[[6]]  I have readded [sic] you to my filling list which is very long."

(*Id.*)

---

[4] Where appropriate, the Court has corrected the capitalization in quotations to the
submissions of both Mayhue and Perry.

[5] Perry asserts that, on November 13, 2011, McMoore stated that Perry had multiple
cavities. (Am. Compl. ¶ 19; Perry Decl. ¶ 7.) McMoore and Mayhue both state that McMoore
diagnosed Perry with "a cavity." (McMoore Aff. ¶ 7; Mayhue Aff. ¶ 10.) While Perry's account
of McMoore's statement is admissible when offered against McMoore, when offered against
Mayhue the statement is inadmissible hearsay. *See* Fed. R. Evid. 801(c), 801(d)(2).

[6] Perry vehemently denies refusing dental treatment on August 18, 2009. (Perry Decl.
¶ 5.) However, Perry's claims against McMoore and Mayhue stem from the November 13, 2009
examination nearly three months later. (*See* Am. Compl. ¶¶ 17, 19.) Thus, whether or not Perry
refused treatment on August 18, 2009 has no bearing on the instant motion for summary
judgment.

On March 1, 2010, Perry submitted another Inmate Request Form stating:

> I was examined by the dentist months ago for toothe [sic] repair, and was allegedly placed on the waiting list—question is, why is it taking so long for my toothe [sic] to be repaired "why haven't I been called"? My toothe [sic] is getting worst [sic]. When it can be saved from farther [sic] damage.

(*Id.* at 12.) On March 1, 2010, Mayhue responded that "on 8/18/09 you refused to come to Dental. I will put you back on my filling list as of 3/1/10. The day I received this request. Thank you." (*Id.*) On March 4, 2010, Perry filed an Informal Complaint alleging that Mayhue "said that she placed my name on [the filling] list back in Dec '09. But she did not place my name on any list." (*Id.* at 17.) On March 12, 2010, Mayhue responded stating that "[she] informed [Perry] on [the March 1, 2010 Inmate Request Form] that [Mayhue] would put [Perry] back on [the] filling list as of 3/1/10." (*Id.*)

On April 12, 2010, Perry submitted a second Informal Complaint alleging that despite Mayhue "allegedly plac[ing] [his] name on the dentist list over thirty days ago," he had not received treatment. (*Id.* at 16.) Mayhue again responded that she had placed Perry "back on [the] filling list as of 3/1/10." (*Id.*)[7]

On August 13, 2010, Perry submitted another Inmate Request Form stating: "In the month of March, 2010, you placed me on the dentist waiting list for cavities to be filled—why

---

[7] In her Memorandum in Support of her Motion for Summary Judgment, Mayhue asserts that she placed Perry on the dental filling list in response to his November 13, 2009 Inmate Request Form and that all of her responses thereafter reiterate that point. (Mem. Supp. Mayhue Mot. Summ. J. 5; *see* Mayhue Aff. ¶ 11 (stating Mayhue added Perry's name to dental filling list on November 17, 2009); *Id.* at ¶ 12 (stating that, in response to the March 1, 2010 Inmate Request Form, Mayhue "advised that he *had been* placed on the list" (emphasis added)).) However, Mayhue's contemporaneous written statements in response to Perry's request forms and grievances indicate that she did not place Perry's name on the filling list until March 1, 2010. (Mayhue Ex. 1, at 12 ("I will put you back on my filling list as of 3/1/10"); *Id.* at 16 ("I adviced [sic] you that I would put you back on my filling list as of 3/1/10"); *Id.* at 17 ("I also informed you . . . that I would put you back on my filling list as of 3/1/10.").)

haven't this matter been taken care of?"[8]  (*Id.* at 11.)  Mayhue responded, "I have other patients

ahead of you.  When your name comes up I will get you scheduled.  Thank you."  (*Id.*)

On December 28, 2010, thirteen months after Perry's first request for treatment, a dentist

at SIISP filled multiple cavities in Perry's teeth.[9]  (Mayhue Aff. ¶¶ 15–16.)  Based on the

foregoing, Perry makes the following pertinent claim for relief:[10]

> Claim Two    McMoore and Mayhue displayed deliberate indifference to Perry's
> serious medical need when they delayed Perry's treatment for
> cavities.

(Am. Compl. ¶¶ 19, 23.)[11]

---

[8] Perry, in his Amended Complaint, states that his statement on the August 13, 2010
Inmate Request Form read as follows:

> In the month of March' [sic] 2010, you placed me on the dentist waiting list for
> cavities to be filled[.]  Why haven't this matter been taken care of?  These cavities
> are causing me chronic pain.  I am actually suffering because it's getting worse
> every day!  I can't eat properly nor can I sleep because of the severe sharp pain
> these cavities are causing me daily.  You could've had me in the dentist's office
> five months ago.  Why are you ignoring my serious dental needs?

(Am. Compl. ¶ 21.)  However, this alternate narrative of the August 13, 2010 Inmate Request
Form is inadmissible under the best evidence rule.  Fed. R. Evid. 1004; *Bond v. Story*,
No. 3:09cv147, 2011 WL 5599390, at *2 (E.D. Va. Nov. 17, 2011) (Lauck, J.) (citing cases).

[9] Mayhue asserts that "because of the sheer number of requests and the time constraints
of the dentist at SIISP, [Perry's] appointment was not until December 2010 at which time he had
routine work performed by the dentist, to include the filling of multiple cavities."  (Mayhue Aff.
¶ 16.)

[10] Perry makes a separate claim for relief against McMoore and Clarke based on separate
factual allegations stemming from the November 13, 2009 dental examination, to wit:

> Claim One    McMoore and Clarke displayed deliberate indifference to Perry's
> serious medical need when they denied Perry a denture or bridge.

(Am. Compl. ¶ 22.)  Because Claim One does not implicate Mayhue, the Court will not
discuss it further here.

[11] In his Declaration, Perry makes the bare, unsupported assertion that Mayhue delayed
his dental treatment because of his race.  "Such [a]iry generalities, conclusory assertions and
hearsay statements [do] not suffice to stave off summary judgment . . . because none of these

### III.   ANALYSIS

**A.   Deliberate Indifference Standard**

To survive a motion for summary judgment on an Eighth Amendment claim, a plaintiff must demonstrate that:   (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (*quoting Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)); *see Webb v. Hamidullah*, 281 F. App'x 159, 165 (4th Cir. 2008) (*citing Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)).

The subjective prong of a deliberate indifference claim requires the plaintiff to demonstrate that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (*citing Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

---

would be admissible evidence at an evidentiary hearing." *United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004) (first and second alterations in original; internal quotations marks omitted; citation omitted).

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson*, 145 F.3d at 168 (*citing Farmer*, 511 U.S. at 837); *Rich v. Bruce*, 129 F.3d 336, 340 (4th Cir. 1997)). Thus, to survive a motion for summary judgment, the deliberate indifference standard requires a plaintiff to demonstrate that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (*quoting Rich*, 129 F.3d at 340 n.2).

In evaluating a prisoner's complaint regarding medical care, the Court is mindful that, absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (*citing Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)). Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (*citing Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).

## B.    Perry's Claim of Delayed Dental Care

Perry fails to adduce evidence demonstrating that Mayhue ever subjectively recognized a substantial risk of harm resulting from her actions, much less that she consciously disregarded

that risk. Perry now states that the delay in cavity treatment caused him "excruciating, daily pain." (Am. Compl. ¶ 19.) However, Perry's contemporaneous written statements to Mayhue express only that he was "unable to chew [his] food properly for digesting. Which is causing me to lose weight. And deprivation of sleep."[12] (Mayhue Ex. 1, at 16.)  Only once, on August 2, 2010, did he describe his cavity as "pain causing." (Mayhue Ex. 1, at 15.)[13]  Perry's next inquiry, his August 13, 2010 Inmate Request Form, merely states: "In the month of March, 2010, you placed me on the dentist waiting list for cavities to be filled —why haven't this matter been taken care of?" (*Id.* at 11.)  Furthermore, Mayhue knew that "in [Dr. McMoore's] clinical judgment[,] . . . Perry did not have any acute problems and he did not require emergent care." (McMoore Aff. ¶ 7; *see* Mayhue Aff. ¶ 10.)

"Courts use a totality of the circumstances test to decide if there [is] deliberate indifference to a serious medical need." *Bishop v. Andrews*, No. 93–7203, 1994 WL 276804, at *5 (4th Cir. June 23, 1994) (*citing Parrish v. Johnson*, 800 F.2d 600, 606 (6th Cir. 1986)). Here, the totality of the circumstances does not indicate that Mayhue knew Perry had a cavity which required immediate care[14] and, though Mayhue failed to properly address Perry's first

---

[12] Perry made this statement in his April 13, 2010 Informal Complaint.  Perry identifies the cause of his discomfort as a delay in "tooth repair." (Mayhue Ex. 1, at 16.)  Mayhue's response to the April 13, 2010 Informal Complaint indicates Mayhue perceived that Perry's complaint about a lack of "tooth repair" concerned Dr. McMoore's refusal to insert a single tooth bridge in place of Perry's missing molar.  (*Id.*)  This refusal by Dr. McMoore is the subject of Perry's Claim One.

[13] In his August 2, 2010 Informal Complaint, Perry complains about "eating difficulty, mirgains [sic] and severe pain." (Mayhue Ex. 1, at 15.)  However, Perry attributes these symptoms to the missing molar that is the subject of Claim One against Dr. McMoore.

[14] Nurses are "entitled to rely on [a] doctor's medical judgment as to the appropriate course of treatment for [a patient's] conditions and cannot override the doctor's orders." *Miller v. Marsh*, No. 7:11CV00180, 2012 WL 844391, at *5 (W.D. Va. Mar. 12, 2012) (*citing Miltier v. Beorn*, 896 F.2d 848, 854–55 (4th Cir. 1990)).

8

request for cavity treatment,[15] she promptly placed him on the list following his second request and maintained him on that list until a dentist treated him.[16] Furthermore, no information exists in any of Perry's written communications to Mayhue from which Mayhue could draw an inference that Perry required immediate care to avert a substantial risk of serious harm. *See McCoy v. Robinson*, No. 3:08cv555, 2011 WL 5975277, at *7 (E.D. Va. Nov. 28, 2011) (stating that plaintiff must introduce evidence demonstrating medical provider actually perceived a medical need that was so serious it posed a substantial risk to plaintiff's health (*citing Johnson*, 145 F.3d at 168–69)).

"Deliberate indifference is intentional or reckless conduct, not mere negligence." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (*citing Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010)). Under these circumstances, no reasonable juror could conclude that Mayhue intentionally or recklessly disregarded Perry's November 13, 2009 Inmate Request Form, thereby delaying his care three and a half months, in a deliberate effort to harm Perry. Rather, the "justifiable inference[ ]," drawn from Mayhue's actions, Perry's statements to her, and her written responses to Perry's requests and complaints, is simply that Mayhue negligently overlooked the November 13, 2009 Inmate Request Form. *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992). Mayhue promptly placed Perry on the

---

[15] The record indicates that Mayhue failed to place Perry on the filling list when she received his November 13, 2009 Inmate Request Form. However, Mayhue did place Perry on the filling list immediately upon receiving the March 1, 2010 Inmate Request Form. (Mayhue Ex. 1, at 12.) Thereafter, Mayhue's responses to Perry's Informal Complaints (*see id.* at 15–17) indicate that Mayhue regarded the March 1, 2010 Inmate Request Form as Perry's first request for cavity treatment. In each of her responses to Perry's Informal Complaints, Mayhue details the history of Perry's interaction with the dental department, consistently omitting any reference to the November 13, 2009 Inmate Request Form. (*Id.*) Perry does not dispute that Mayhue placed him on the filling list upon her receipt of Perry's March 1, 2010 Inmate Request Form.

[16] The Court notes that, throughout her written communications with Perry, Mayhue maintained a courteous and professional tone. (*See* Mayhue Ex. 1, at 12–16.)

filling list as of March 1, 2010, the date she received what she (wrongly) believed was Perry's first request for care. Perry fails to demonstrate Mayhue subjectively recognized that further acceleration of Perry's care was necessary to eliminate a substantial risk of harm.

As stated above, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson*, 195 F.3d at 695 (*citing Estelle*, 429 U.S. at 105–06); *Bishop*, 1994 WL 276804, at *5. Again, though Mayhue may have been negligent in scheduling Perry, Perry fails to adduce any evidence from which a reasonable trier of fact could conclude that Mayhue's actions amounted to deliberate indifference. *Miltier*, 896 F.2d at 851 (stating that in order to demonstrate "that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." (*citing Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986))). Accordingly, Mayhue's Motion for Summary Judgment will be GRANTED and Claim Two, as it pertains to Mayhue, will be DISMISSED WITH PREJUDICE.

## IV.  OUTSTANDING MOTIONS

Perry moves this Court to compel discovery of "all documented informal complaints and logged or unlogged regular grievances created and or filed against the Dental Staff at [SIISP] from November, 2009 through December, 2010." (Letter from Calvin Perry to Elizabeth Muldowney (Mar. 12, 2012) (Docket No. 108); Mot. Compel (Docket No. 123).) However, Perry failed to make a motion to stay summary judgment pursuant to Federal Rule of Civil Procedure 56(f).[17] Accordingly, because Mayhue's Motion for Summary Judgment will be

---

[17] Rule 56(f) "permits a court to deny summary judgment or to order a continuance if the nonmovant shows through affidavits that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." *Evans v. Techs. Applications & Serv. Co.*, 80

granted, Perry's Motion to Compel (Docket No. 123) will be DENIED AS MOOT.  Mayhue's

Motion to Stay Discovery (Docket No. 117) will also be DENIED AS MOOT.

## V. CONCLUSION

For the foregoing reasons, Mayhue's Motion for Summary Judgment (Docket No. 95)

will be GRANTED and Perry's claim against Mayhue will be DISMISSED WITH PREJUDICE.

Perry's Motion to Compel Discovery (Docket No. 123) and Mayhue's Motion to Stay Discovery

(Docket No. 117) will be DENIED AS MOOT.  The Clerk will be DIRECTED to terminate

Mayhue as a defendant in this matter.

An appropriate Order shall issue.

/s/
James R. Spencer
United States District Judge

Date: 6-11-12
Richmond, Virginia

---

F.3d 954, 961 (4th Cir. 1996).  A "Rule 56(f) affidavit must specifically identify what evidence discovery will turn up and how that evidence will allow the party to oppose summary judgment. The affidavit should 'particularly specif[y] legitimate needs for further discovery.'"  *Hamilton v. Geithner*, No. 1:08cv1112, 2009 WL 1683298, at *6 (E.D. Va. June 15, 2009) (alteration in original) (*quoting Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995)).  Perry submits no such affidavit.