IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CALVIN PERRY,

    Plaintiff,

v.                                Civil Action No. 3:10cv630

GENE M. JOHNSON, *et al.*,

    Defendants.

## MEMORANDUM OPINION
(Granting Motion for Summary Judgment)

Calvin Perry, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. The action is proceeding on Perry's Amended Complaint (Docket No. 11), wherein Perry alleges that Defendants[1] violated his rights under the Eighth Amendment.[2] This matter is now before the Court on Defendant McMoore's Motion for Summary Judgment. (Docket No. 110.) Perry has responded. This matter is ripe for judgment.

### I. PROCEDURAL HISTORY

This action results from events that occurred at Sussex II State Prison ("SIISP"). On August 3, 2011, by Memorandum Opinion and Order, the Court granted Defendant Clarke's motion for summary judgment and dismissed him as a defendant. *Perry v. Johnson*, No. 3:10CV630, 2011 WL 3359519, at *4 (E.D. Va. Aug. 3, 2011). By Memorandum Opinion

---

[1] In the Amended Complaint, Perry named the following defendants: Shorn McMoore, D.D.S., Dental Assistant Mary Mayhue, and the Director of the Virginia Department of Corrections, Harold Clarke.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

and Order issued on June 12, 2012, the Court granted Defendant Mayhue's Motion for Summary Judgment and terminated her as a defendant. *Perry v. Johnson*, No. 3:10cv630, 2012 WL 2131886, at *5 (E.D. Va. June 12, 2012). Accordingly, Dr. McMoore is the only remaining defendant. Perry makes the following claims against Dr. McMoore:

Claim One   Dr. McMoore displayed deliberate indifference to Perry's serious medical need by denying Perry a denture or bridge.

Claim Two   Dr. McMoore displayed deliberate indifference to Perry's serious medical need by delaying Perry's treatment for cavities.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

2

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251. "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the *onus* of proof is imposed." *Id.* (internal quotation marks omitted).

Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n. 7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . ."). In support of his Motion for Summary Judgment, Dr. McMoore submits his own affidavit (Mem. Supp. Mot. Summ. J. Ex. 1 ("McMoore Aff.")), a copy of Virginia Department of Corrections Operating Procedure 720.6 (McMoore Aff. Ex. A ("Operating Procedure 720.6")), and the affidavit of John M. Jabe, Jr. (Mem. Supp. Mot. Summ. J. Ex. 2 ("Jabe Aff.")).[3] In response, Perry submits his sworn Amended Complaint and a sworn "Declaration in Opposition to Defendant McMoore's Motion for Summary Judgment" ("Perry's Declaration"). (Docket No. 113.)[4] In light of the

---

[3] John M. Jabe, Jr. is the Deputy Director of Operations for the Virginia Department of Corrections. (Jabe Aff. ¶ 2.)

[4] Where appropriate, the Court has corrected the capitalization in quotations to Perry's submissions.

3

foregoing principles, the following facts are established for the purposes of the motion for summary judgment.

## III. FACTUAL BACKGROUND

On June 30, 2009, Dr. McGee, a dentist at SIISP, extracted one of Perry's lower-left molars. After the extraction, Perry requested that McGee provide him with a molar bridge or a denture. McGee denied this request. "Before [Perry] could pursue litigation against [McGee], [McGee] resigned." (Am. Compl. ¶ 13.)[5]

### A. Perry's Request to Dr. McMoore for Dentures or a Bridge

Perry states that, "without this much needed bridge or denture," he "is daily suffering [from] eating difficulties, excruciating pain of the mouth and bleeding gum when food is chewed on that extracted, hollow spot and severe weight lost [sic] from not being able to chew food throughly [sic] for digested process," as well as migraine headaches. (*Id.* ¶¶ 17, 21.) Perry asserts that his pain is continuous and that he has never been provided with a denture or bridge. (*Id.* ¶ 17.) However, Dr. McMoore, the next SIISP dentist to examine Perry, did not observe any of the symptoms Perry alleges resulted from the missing molar.

Dr. McMoore "examined and treated plaintiff, Calvin Perry only once—on November 13, 2009." (McMoore Aff. ¶ 4.) During this examination of Perry, Dr. McMoore noted the absence of the single, lower-left molar. (*Id.* ¶ 5.)

> [McMoore] found that Calvin Perry's extraction site appeared healthy and normal in [Dr. McMoore's] clinical judgment. At the time of [Dr. McMoore's] examination, Mr. Perry's gums were not bleeding or inflamed. [Dr. McMoore] did not see any signs of trauma, infection, or other problems caused by the lack of [the molar]. Mr. Perry had all of his other teeth, including his four wisdom teeth. Based on [Dr. McMoore's] clinical

---

[5] Dr. McGee is not a party to this action.

4

judgment, [Dr. McMoore] determined that Mr. Perry had good function and a partial denture for [the missing molar] was not necessary for mastication (chewing.) Based on [Dr. McMoore's] clinical judgment, [Dr. McMoore] further determined that bridgework for [the missing molar] was not necessary for mastication (chewing).

(*Id.*)

Despite Dr. McMoore's diagnosis that his gums were "healthy and normal" (*id.*), Perry requested "a left molar bridge or a left molar denture" from Dr. McMoore. (Am. Compl. ¶ 17.) In reply, avers Perry, Dr. McMoore stated: "'I realize the serious need for the single tooth bridge or denture but [Operating Procedure] 720.6 [precludes] me from providing it to you—in order for me to provide you with a denture, you need more teeth missing.'" (*Id.*) Perry then offered to have his family pay for the procedure. "Finally, Defendant McMoore said [']No! I can not [sic] provide you with it.[']"[6] (*Id.*)

### B. Perry's Request for Fillings

During the course of Perry's November 13, 2009 session with Dr. McMoore, Dr. McMoore "discovered four or more deteriorating cavities in [Perry's] mouth and instructed Defendant Mayhue to place [Perry] on the dentist's waiting list for the cavities to be filled." (*Id.* ¶ 19.)[7] Perry asserts that Mayhue "intentionally failed to do so."[8] (*Id.*) Perry

---

[6] Dr. McMoore states that "[b]ased on my good faith understanding of [Operating Procedure] 720.6, I determined that the policy did not permit fixed bridgework for Mr. Perry because it was 'not dentally mandatory' treatment." (McMoore Aff. ¶ 6.) Dr. McMoore further avers that he believed Operating Procedure 720.6 barred him from fitting Perry with a partial denture for the same reason, to wit: in Dr. McMoore's clinical judgment such a procedure was not dentally mandatory. (*Id.*)

[7] Dr. McMoore swears that he discovered "a cavity" rather than multiple cavities. (McMoore Aff. ¶ 7.) Furthermore, Dr. McMoore states that Perry "did not have any acute problems and he did not require emergent care." (*Id.*) Because "fillings constitute[ ] 'routine treatment,'" Dr. McMoore "advised [Perry] to put in a request for routine treatment." (*Id.*)

[8] In the June 12, 2012 Memorandum Opinion and Order, the Court found that, while Nurse Mayhue may have negligently failed to place Perry on the treatment list after his first request, she

5

proceeded to request dental treatment for his cavities on at least two other occasions. Mayhue responded to both of these requests.

McMoore states, and Perry does not dispute, that "routine treatment is provided to inmates in chronological order based on a list maintained by the dental assistants [such as Nurse Mayhue]." (McMoore Aff ¶ 7.) McMoore also swears that he "never received or reviewed Mr. Perry's requests for treatment or informal complaints, which were handled by dental assistants. I never received or reviewed Mr. Perry's grievances. After November 13, 2009, I have never had any communication with Mr. Perry except for the legal documents he has written related to this lawsuit." (*Id.* ¶ 8.)

## IV. ANALYSIS

### A. Deliberate Indifference Standard

To survive a motion for summary judgment on an Eighth Amendment claim, a plaintiff must demonstrate that: (1) objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

---

placed him on the list following his second request and maintained Perry on the list until he received treatment. *Perry v. Johnson*, No. 3:10cv630, 2012 WL 2131886, at *4 (E.D. Va. June 12, 2012). The June 12, 2012 Memorandum Opinion and Order, dismissing Perry's claim against Mayhue and terminating her as a defendant, found that no rational trier of fact could have determined that Mayhue's actions were deliberately indifferent. *Id.* In her own affidavit, Mayhue asserted that "because of the sheer number of requests and the time constraints of the dentist at SIISP, [Perry's] appointment was not until December 2010 at which time he had routine work performed by the dentist, to include the filling of multiple cavities." (Mayhue's Mem. Supp. Mot. Summ. J. (Docket No. 96) Ex. A ¶ 16.)

6

person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)); *see Webb v. Hamidullah*, 281 F. App'x 159, 165 (4th Cir. 2008) (citing *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)).

The subjective prong of a deliberate indifference claim requires the plaintiff to demonstrate that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837; *Rich v. Bruce*, 129 F.3d 336, 340 (4th Cir. 1997)). Thus, to survive a motion for summary judgment, the deliberate indifference standard requires a plaintiff to demonstrate that "the official in question subjectively recognized a substantial risk of harm" and "that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

7

In evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977). Furthermore, absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)).

### B. Claim One

With respect to Claim One, Perry cannot demonstrate he has a serious medical need for a one-tooth denture or that Dr. McMoore acted with deliberate indifference. Although Perry alleges that Dr. McMoore described Perry's need for a single tooth denture as serious, given the totality of the circumstances, that remark would not allow a reasonable juror to find in Perry's favor.[9] *Cf. Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005) (refusing to consider physician's affidavit which contained only conclusions and no supporting facts). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*,

---

[9] Dr. McMoore swears that, during the November 13, 2009 examination, he determined that a bridge or denture "was not necessary for mastication (chewing)." (McMoore Aff. ¶ 5.)

906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)). Here, a lay person would not perceive the medical necessity of replacing Perry's missing molar. Furthermore, the only doctor to examine Perry concluded the missing molar did not require treatment.

Moreover, Perry fails to demonstrate that Dr. McMoore subjectively perceived, from his single interaction with Perry, that Perry faced a substantial risk of serious harm from the failure to provide a single-tooth denture. During that interaction, the extraction site appeared healthy and normal. Perry's gums were not bleeding or inflamed. Although Perry may have wanted a bridge or single-tooth denture, Dr. McMoore "determined that [Operating Procedure 720.6] did not permit" such a procedure "because it constituted prosthodontic treatment that was *not necessary for mastication or to restore function*." (McMoore Aff. ¶ 6 (emphasis added).) Perry fails to direct the Court to any evidence demonstrating Dr. McMoore subjectively recognized that, by refusing to provide an unnecessary bridge or denture to Perry, he acted inappropriately in light of the risk of harm created by the absence of Perry's molar. *See Parrish*, 372 F.3d at 303 (quoting *Rich*, 129 F.3d at 340 n.2). No reasonable juror could perceive that, under these facts, Dr. McMoore's actions constituted deliberate indifference. *See Hay v. Thaler*, 470 F. App'x 411, 416 (5th Cir. 2012);[10] *Oquinn v. Adkins*, No. 7:08CV00426, 2010 WL 677771, at *5 (W.D. Va. Feb.

---

[10] In *Hay*, the Fifth Circuit granted summary judgment in favor of a dentist who followed the prison's policy by denying prisoner-plaintiff dentures deemed not medically necessary. *Hay*, 470 F. App'x at 415–16. The Fifth Circuit also held that where the prisoner-plaintiff disagreed with the dentist's professional evaluation concerning whether a dislodged filling necessitated emergency care, the prisoner-plaintiff failed to state an Eighth Amendment claim. *Id.* at 416.

24, 2010) (holding no serious medical need exists where tooth problem does not constitute an emergency); *Wilson v. Coleman*, No. 7:09CV00325, 2009 WL 3055268, at *5 (W.D. Va. Sept. 24, 2009) (holding no deliberate indifference existed where, in the opinion of a medical professional, plaintiff did not require emergent dental care for deteriorated fillings and bleeding gums).

At the core of Claim One, Perry "simply disagrees with the medical judgment" of Dr. McMoore concerning the propriety of dentures or a bridge. *Ryan v. Whitehead*, No. RWT–09–1702, 2010 WL 2816976, at *4 (D. Md. July 16, 2010). Perry does not demonstrate any exceptional circumstances that would necessitate judicial review of Dr. McMoore's clinical judgment. *See Wright*, 766 F.2d at 849 (citing *Gittlemacker*, 428 F.2d at 6). Thus, Perry fails to demonstrate that Dr. McMoore violated his Eighth Amendment right to adequate medical care. Accordingly, Dr. McMoore's Motion for Summary Judgment, as it relates to Claim One, will be granted. Claim One will be dismissed with prejudice.

### C. Claim Two

Perry fails to demonstrate that Dr. McMoore bears any responsibility for the alleged delay in treating Perry's cavities. To survive summary judgment, a § 1983 plaintiff must establish that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must [demonstrate] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (noting that the doctrine of *respondeat superior* is inapplicable to § 1983 actions). The delay in treating Perry's cavities resulted from the failure to promptly place Perry's name on the treatment list. Perry does not direct the Court to evidence that refutes Dr. McMoore's contention that Dr. McMoore "did not participate" in creating, maintaining, or monitoring the treatment lists.[11] (McMoore Aff. ¶ 7.) Neither does Perry adduce evidence contradicting Dr. McMoore's statement that Dr. McMoore "never received or reviewed Mr. Perry's requests for treatment or informal complaints." (*Id.* ¶ 8.) Thus, Perry fails to demonstrate that Dr. McMoore was even aware of Perry's requests, much less that Dr. McMoore acted with deliberate indifference to Perry's need for cavity treatment. Accordingly, Dr. McMoore's Motion for Summary Judgment, as it relates to Claim Two, will be granted. Claim Two will be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, Dr. McMoore's Motion for Summary Judgment (Docket No. 110) will be granted and Perry's claims will be dismissed with prejudice. The action will be dismissed.

An appropriate Order shall issue.

Date: Nov 5 2012
Richmond, Virginia

/s/
Henry E. Hudson
United States District Judge

---

[11] McMoore swears, and Perry does not dispute, that treatment lists were "maintained by the dental assistants." (McMoore Aff. ¶ 7.)

11